| UNITED STATES DISTRICT COURT | |
|---|---|
| **WESTERN DISTRICT OF NEW YORK** | 15-CR-6132-FPG |
| UNITED STATES OF AMERICA | |
| | **STATEMENT RELATING TO** |
| v. | **SENTENCING FACTORS AND** |
| | **AS TO PSR** |
| WILLIAM MARTIN, JR., | |
| **Defendant.** | |

Anne M. Burger, Assistant Federal Public Defender for the Western District of New York, affirms as follows:

1. I am an attorney licensed to practice law in the State of New York and the United States District Court for the Western District of New York, and I represent William Martin.

2. The factual representations made herein are based on conversations with my client and others. The defense requests that the Court accept the Fed.R.Crim.P. 11(c)(1)(C) term of the plea agreement imposing a 120-month sentence concurrently with a related sentence in New York State court, allowing for a credit pursuant to U.S.S.G. § 5G1.3(b), recommending to the Bureau of Prisons that Mr. Martin have access to chemical dependency and mental health treatment while incarcerated and that he be housed as close to Rochester as possible.

### PROCEDURAL HISTORY

3. On October 13, 2015, Mr. Martin pled guilty to an Information charging a violation of 18 U.S.C. § 2422(b), Coercion or Enticement of a Minor.

4. In this matter, the parties negotiated a global resolution of Mr. Martin's federal and related state charges. Under the agreement, it was anticipated that, if this Court accepted the Rule 11(c)(1)(C) term of the plea agreement, Mr. Martin would serve a 120 month concurrent federal

prison sentence and a term of federal supervised release. It was also agreed that Mr. Martin would receive a 5 year state prison sentence and term of 5 years of post-release supervision on the related Rape Second Degree case charged in New York State court. The parties - and the state court - agreed that the 5 year state prison sentence would run concurrently with the federal prison sentence. Also under the agreement, Mr. Martin would be permitted to be released into federal custody in order that he would serve his prison sentence in federal prison.

5. Following Mr. Martin's October 13, 2015, guilty plea before this Court and, in reliance on this agreement, on October 14, 2015, Mr. Martin pled guilty to the charge in New York State court and was promised a concurrent term of 5 years imprisonment with 5 years of post-release supervision. That day, he was released on the state matter and lapsed into primary federal custody. He was later re-detained on the state charges. Mr. Martin is presently in primary federal custody. Unfortunately, the state court later refused to delay the imposition of its sentence until after federal sentencing. In addition, the state court refused to impose its sentence to run concurrently with the federal sentence; the 5 year sentence was imposed on November 24, 2016. New York State Penal Law section 70.30(1) reflects that an "indeterminate or determinate sentence of imprisonment commences when the prisoner is received in an institution under the jurisdiction of the state department of corrections . . ." Unlike the powers afforded to a U.S. District Court judge, under N.Y.S. Penal Law section 70.25(1), the state judge lacked the authority to run his sentence concurrently with a yet-to-be imposed sentence in federal court. Based upon the manner in which the state sentence has been imposed, Mr. Martin would effectively serve a 15 year prison term if this Court accepts the Rule 11(c)(1)(C) term of 120 months and if the state court does not modify its sentence.

6.      Following additional conferencing with the state court, the state judge has agreed that, on March 15, 2016, the day after Mr. Martin's anticipated federal sentencing, the state court will vacate the erroneously-imposed consecutive sentence in favor of a concurrent 5 year prison sentence.

7.      At an appearance on January 13, 2016, in light of these issues, this Court agreed that, if it accepted the 120 month concurrent Rule 11(c)(1)(C) term of the plea agreement, it would withhold the issuance of a judgment until after Mr. Martin is re-sentenced by the state and allow for the updating of the PSR to reflect the new disposition of the state case.

8.      Mr. Martin is scheduled to be sentenced on March 14, 2016.  It is requested that the Court accept the Fed.R.Crim.P. 11(c)(1)(C) term of the plea agreement and impose a concurrent 120 month sentence.

## REGARDING THE PSR

9.      Having reviewed the PSR, the defense interposes the following objections and proposed changes to the PSR.  Additional objections and proposed changes that relate to sensitive information including material relating to the victim will be provided to the Court and counsel by letter given the nature of the material involved.  No objection to the PSR's guidelines calculations and sentencing conclusions is made.

10.     Following his review of the PSR, certain typographical errors and/or errors of transcription were identified.  They are as follows:

> Page 1:  Mr. Martin has a state detainer in connection with his related state sentence.  He is currently in primary federal custody.
>
> Page 2:  Mr. Martin has two dependents.
>
> Page 3, paragraph 3:  Although Mr. Martin was initially in primary state custody produced by way of writ, he lapsed into primary federal custody on November 24, 2015.

11.     The defense requests that certain omitted information be included in the PSR relating

to the application of U.S.S.G. § 5G1.3(b)(1 and (2). Pursuant to § 5Gl.3(b), if a term of imprisonment resulted from another offense that is relevant conduct to the instant offense of conviction under the provisions of subsections (a)(1), (a)(2), or (a)(3) of § lB 1.3 (relevant conduct), the sentence for the instant offense shall be imposed as follows:

> (1) the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons; and
>
> (2) the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment.

12. Also, notwithstanding the mandatory minimum, *United States v. Rivers*, 329 F.3d 119 (2d Cir. 2003), directs that U.S.S.G. § 5G1.3 obligates a sentencing court to reduce the mandatory minimum to reflect the sentence served on an offense that qualifies as relevant conduct. The reduction is referred to as a "credit" rather than a departure or an adjustment. Thus, whatever sentence the Court imposes must be reduced to credit for the state term.

### REQUEST THAT THE COURT ACCEPT THE RULE 11(C)(1)(C) TERM

13. The defense requests that the Court accept the Rule 11(c)(1)(C) provision of the plea agreement, applying U.S.S.G. § 5G1.3(b) as noted above. It is also requested that, given Mr. Martin's struggles with drug abuse and mental health problems, the Court recommend to the Bureau of Prisons that he be permitted to participate in its R.D.A.P. substance abuse program along with any other substance abuse and mental health treatment programming available. It is also requested that the Court recommend that Mr. Martin be housed as close to the Rochester, New York area as possible so that he may maintain his community ties with his family here. His mother's health has been steadily declining and he fears that she will not survive his term of imprisonment. If Mr. Martin

were housed within a reasonable distance to the Rochester area, he hopes that his family would be able to schedule visits with him, including his mother if she is able to travel.

## CONCLUSION

WHEREFORE, based on the above, it is respectfully requested that the Court accept the Rule 11(c)(1)(C) term of the plea agreement and impose a 120-month concurrent sentence, reducing the term as a credit pursuant to U.S.S.G. §5G1.3(b), withholding the issuance of a judgment until after Mr. Martin is re-sentenced by the state and allowing for the updating of the PSR to reflect the new disposition of the state case. It is also requested that the Court recommend to the BOP that Mr. Martin be permitted to participate in its R.D.A.P. substance abuse program along with any other substance abuse and mental health treatment programming available. Finally, it is requested that the Court recommend that Mr. Martin be housed as close to the Rochester, New York area as possible.

Dated: March 11, 2016
      Rochester, New York

        s/Anne M. Burger
Anne M. Burger
Assistant Federal Public Defender
28 E. Main Street, Suite 400
Rochester, New York 14614
585-263-6201
Anne_Burger@fd.org
Attorney for William Martin

To:   Melissa Marangola, AUSA
      David Spogen, USPO