UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────

UNITED STATES OF AMERICA,

v.                                                              Case # 15-CR-6132-FPG

                                                                DECISION AND ORDER

WILLIAM MARTIN,

                            Defendant.
───────────────────────────────

## INTRODUCTION

On May 20, 2020, Defendant William Martin filed a Motion for Compassionate Release. ECF No. 33. Defendant requests that the Court reduce his sentence because of the ongoing Coronavirus Disease 2019 ("COVID-19") pandemic. *Id.* The Government opposes the Motion. ECF No. 35. For the reasons that follow, Defendant's Motion is DENIED.

## BACKGROUND

On October 13, 2015, Defendant pleaded guilty to one count of coercion and enticement of a minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b), a charge that carries a mandatory minimum term of imprisonment of ten years and a maximum term of life. ECF Nos. 16, 17, 18. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Defendant and the Government agreed to a 120-month sentence. ECF No. 17 ¶ 13. Defendant was sentenced on March 14, 2016 to 120 months in the Federal Bureau of Prisons ("BOP") and twenty years' supervised release. ECF Nos. 30, 31. Defendant is currently projected to be released on December 27, 2023. ECF No. 36 at 1.

1

**LEGAL STANDARD**

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Gotti*, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020). Courts may reduce previously imposed terms of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A), often referred to as compassionate release. Defendants may bring motions under Section 3582(c)(1)(A) if they have satisfied a statutory exhaustion requirement.[1] *Id.* The Court may grant relief if it finds that (1) "extraordinary and compelling reasons warrant [the] reduction" and (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* The Court must also consider the sentencing factors set forth in Section 3553(a). *Id.* §§ 3553(a), 3582(c)(1)(A). In analyzing these elements and factors, "[d]istrict courts have broad discretion in deciding whether to grant or deny a motion for a sentence reduction." *United States v. Tagliaferri*, No. 13-CR-115, 2019 WL 6307494, at *3 (S.D.N.Y. Nov. 25, 2019). If the Court grants such a motion, it may reduce the defendant's term of imprisonment and may correspondingly impose a term of probation or supervised release, with or without conditions, provided that such a term does not exceed the unserved portion of the original term of imprisonment. 18 U.S.C. § 3582(c)(1)(A).

**DISCUSSION**

In this case, even if Defendant could establish that extraordinary and compelling reasons warrant a reduction and it would be consistent with the applicable Sentencing Commission policy statement, a sentence reduction would not be warranted. Defendant has not presented evidence that causes the Court to reconsider its prior evaluations of the factors set forth in Section 3553(a).

Under Section 3553(a), a court must consider the following factors when it imposes a sentence:

---

[1] The Government does not contend that Defendant has not satisfied the statutory exhaustion requirement. ECF No. 35.

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range [provided for by Sentencing Commission guidelines and policy statements];
> (5) any pertinent [Sentencing Commission policy statement];
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The Court weighed these factors when it imposed Defendant's original term of imprisonment on March 14, 2016. ECF Nos. 30, 31. Accordingly, the Court's task here is not to "second guess or to reconsider whether" his current sentence is just, but to assess whether "the defendant's circumstances are so changed . . . that it would be inequitable to continue the confinement of the prisoner." *United States v. Ebbers*, 432 F. Supp. 3d 421, 429–30 (S.D.N.Y. 2020) (internal quotation marks omitted) (discussing legislative history of Section 3582). In other words, the issue is whether the Section 3553(a) factors supporting Defendant's original sentence "outweigh the 'extraordinary and compelling reasons' warranting compassionate release," and, in particular, "whether compassionate release would undermine the goals of the original sentence." *Id.* at 430–31.

Here, Defendant argues he is entitled to compassionate release because he is particularly susceptible to COVID-19 and he faces a greater risk of contracting the disease while incarcerated

at FCI Elkton. ECF Nos. 33, 37. FCI Elkton has been particularly hard hit by COVID-19. *See* ECF No. 35 at 3 (the Government admits "[t]here is no question that COVID-19 has impacted FCI Elkton more than most other BOP facilities"). Currently, the BOP reports that seventy-six FCI Elkton inmates are infected with COVID-19, two staff members are infected, nine inmates have died from COVID-19, 926 inmates have recovered from COVID-19 infection, and fifty-one staff members have recovered. *COVID-19 Coronavirus*, FEDERAL BUREAU OF PRISONS, http://www.bop.gov/coronavirus/ (last visited July 30, 2020). In fact, Defendant claims that he has already contracted COVID-19. ECF No. 37.

Defendant claims that he suffers from asthma, which requires the use of a steroid for management and increases his risk of complications due to COVID-19. ECF No. 33 at 2–3. Defendant is thirty-three, and his presentence investigation report notes that he suffers from seasonal asthma, but he was not taking any prescription medication for the condition. ECF No. 32 ¶ 75; ECF No. 36-1. Defendant has not supported his motion with medical evidence regarding the severity of his asthma. ECF No. 35 at 6–7.

Even assuming Defendant's asthma is sufficient to raise the risk of COVID-19 infection or complications, Defendant will live with that risk given that he tested positive for COVID-19 regardless of whether he is released. ECF No. 37 at 1. Defendant has not presented evidence suggesting that his risk of COVID-19 complications is exacerbated by his confinement or that the medical care he would receive if released is superior to the medical care he is currently receiving. Defendant does not describe any additional treatment for COVID-19 that he should be receiving or that he could receive if he were released. *See United States v. Zubkov*, No. 14-CR-773, 2020 WL 2520696, at *5 (S.D.N.Y. May 18, 2020) ("[T]he Court's focus here—in light of the fact that Mr. Zubkov has already contracted and recovered from COVID-19—shall be on his current health

4

condition and medical care."); *see also United States v. Bomboy*, No. 19-CR-157, 2020 WL 2193443, at *2 (M.D. Pa. May 6, 2020) (denying motion for pretrial release due to COVID-19 where defendant was "receiving medical care for any medical issue while in prison" and "offered no plan for medical [care] should he be released, or any indication that the medical care he might receive in the community is better than that which he is receiving while detained").

Although the Court is sympathetic to Defendant along with the countless others who have been infected with COVID-19, that sympathy does not override the valid considerations that supported Defendant's initial sentence. COVID-19 does not "warrant the release of every federal prisoner with health conditions that make them more susceptible to the disease." *United States v. Gold*, No. 15-CR-330, 2020 WL 2197839, at *1 (N.D. Ill. May 6, 2020) (internal quotation marks omitted).

In further support of his motion, Defendant claims that he has completed a drug program and other courses. ECF No. 37.[2] The Court commends Defendant for his educational efforts, which weigh in his favor. Any considerations weighing in Defendant's favor, however, are outweighed by the factors that supported and continue to support Defendant's sentence. Defendant's offense was very serious. Defendant solicited sexually explicit text messages, nude photographs, and a video of a sexual nature from a minor and had sexual intercourse with the minor on multiple occasions. ECF No. 32 ¶¶ 16–33. Defendant's guideline imprisonment range was 120 months to 135 months. *Id.* ¶ 58. Pursuant to his plea agreement, the Court sentenced Defendant to 120 months imprisonment—the statutory minimum. *Id.*; ECF Nos. 30, 31. With a projected release date of

---

[2] Defendant also cites his mental health, his children's need for a father, his mother's cancer, his role as her caretaker, his minimal criminal history, and a job he claims is available to him as reasons for his release. ECF No. 32 ¶¶ 54–56; ECF No. 33 at 3; ECF No. 37 at 1–2. Even giving Defendant the benefit of the doubt regarding all of these factors, such considerations would be insufficient to outweigh the factors that continue to support Defendant's initial sentence.

December 27, 2023, Defendant has a significant amount of time remaining on his agreed-upon sentence. Given the serious nature of his offenses and that any reduction would cause his sentence to fall below the applicable statutory minimum, a drastic reduction in his sentence would undermine the need for his sentence "to reflect the seriousness of the offense, to promote respect for the law, . . . to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," and "to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(1), (2)(A)–(B), (6); *see also United States v. Mack*, No. 16-CR-112, 2020 WL 4012837, at *2 (N.D. Ohio July 16, 2020) (holding that Section 3553(a) factors did not favor release of defendant who was "high-risk" for COVID-19-related complications and "held in a prison experiencing a severe COVID-19 outbreak" (FCI Elkton) because defendant had more than a year remaining on his sentence).

The Court harbors two additional concerns regarding Defendant's compassionate release. Given his infection with COVID-19, ordering his immediate release would expose others to the disease. Although the Court assumes it could reduce his sentence once it has been shown that Defendant is no longer a potential vector for COVID-19, such a reduction would result in Defendant missing out on the educational opportunities and other recidivism-risk-reduction programing available to him. *See* ECF No. 37. Such a consideration weighs against reducing Defendant's sentence given the Court's obligation to consider the provision of "needed educational or vocational training . . . [and] other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2)(D).

The Court recognizes that the situation Defendant finds himself in is of serious concern: as an inmate, he has far less control over his environment and is far more reliant on correctional officials to ensure his safety and to provide adequate medical care during the pandemic. "A just

punishment should not include an unacceptable risk of exposure to [or complications from] COVID-19 or any potentially lethal disease." *United States v. Vence-Small*, No. 18-CR-31, 2020 WL 2214226, at *4 (D. Conn. May 7, 2020). But neither should the uncertainty engendered by the present crisis be allowed to distort or subvert a just punishment. Even in light of his asthma and diagnosis with COVID-19, Defendant has not demonstrated that a reduction in his sentence is appropriate.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Compassionate Release, ECF No. 33, is DENIED.

IT IS SO ORDERED.

Dated: July 30, 2020
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court