UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
─────────────────────────────────────

UNITED STATES OF AMERICA,

v.                                                                                    Case # 15-CR-6132-FPG

                                                                                      DECISION AND ORDER

WILLIAM MARTIN,

                              Defendant.
─────────────────────────────────────

## BACKGROUND

On August 27, 2020, Defendant William Martin, filed a *pro se* motion seeking a recommendation from the Court that he be placed in a residential reentry center ("RRC") for ten to twelve months. ECF No. 41. Following Defendant's guilty plea, the Court sentenced Defendant on March 14, 2016 to 120 months in the Federal Bureau of Prisons ("BOP"). ECF Nos. 30, 31. Defendant is currently projected to be released on December 27, 2023. ECF No. 36 at 1. On August 26, 2020, Defendant filed a letter seeking the Court's advice regarding a detainer. ECF No. 42. For the following reasons, Defendant's motion and request for advice are DENIED.

## DISCUSSION

**I.     RRC Placement**

"The [BOP] has exclusive authority to designate the facility where prisoners will serve a sentence and to order a transfer from one facility to another." *United States v. Venkataram*, No. 06-CR-102, 2016 WL 11448569, at *2 (S.D.N.Y. Dec. 12, 2016) (internal quotation marks omitted). In deciding where to house an inmate, the BOP is required to weigh a number of considerations, including "any statement by the court that imposed the sentence . . . recommending a type of penal or correctional facility as appropriate." 18 U.S.C. § 3621(b)(4); *see also* 18 U.S.C.

§ 3624(c)(1) ("The Director of the [BOP] shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a [RRC].").[1]

Defendant is not arguing that the BOP failed to weigh these considerations. Instead, Defendant is asking the Court to recommend that he be placed in a specific type of correctional facility, a RRC, more commonly known as a halfway house, for ten to twelve months. ECF No. 41 at 1. Defendant asks for this recommendation based on his participation in classes, his strong family ties, and his commitment to leading a life free of crime. *Id.* at 2. Defendant indicates that he wants additional RRC time to attend his daughter's high school graduation, to attend community college, to reestablish ties with his other children and fiancée, and to work at a job he has lined up post release. *Id.*

Although the Court has no objection to Defendant's placement in a RRC for a portion of his sentence, the Court "declines . . . to independently recommend such a placement" for a specific length of time. *Venkataram*, 2016 WL 11448569, at *2. Other courts in this Circuit have declined to issue such recommendations under similar circumstances. *United States v. Henderson*, No. 15-CR-487, 2019 WL 1460402, at *2–3 (S.D.N.Y. Mar. 18, 2019) (declining to issue recommendation where the defendant claimed he had "availed himself of every opportunity available . . . to be reformed" but failed to provide specifics); *United States v. Accardi*, No. 11-CR-12, 2013 WL 1903559, at *1 (S.D.N.Y. May 7, 2013) (declining to issue recommendation because "laws and

---

[1] Although 18 U.S.C. § 3624(c)(1) refers specifically to community correctional facilities, a RRC is a form of community correctional facility. *United States v. Henderson*, No. 15-CR-487, 2019 WL 1460402, at *2 n.2 (S.D.N.Y. Mar. 18, 2019).

regulations governing the placement of prisoners within the BOP system grant the BOP broad discretion over inmate placement, and permit the BOP to make placement decisions in light of available resources" (internal quotation marks omitted)); *United States v. Dove*, No. 95-CR-232, 2012 WL 13186384, at *1 (N.D.N.Y 2012) (declining to issue recommendation where defendant claimed he needed halfway house placement "in order to secure housing, employment and re-establish his ties with family and the community"). Although this Court would consider issuing such a recommendation in a particularly compelling case, the BOP is generally in a better position to determine whether such a placement is appropriate. The Court commends Defendant for his educational efforts and his commitment to becoming a productive member of society, but Defendant has not cited any considerations that persuade the Court to issue the requested recommendation.

## II.     Detainer

Defendant seeks advice from the Court regarding a detainer related to a "state case." ECF No. 42 at 1. He claims that, because of the detainer, he is not permitted to use the BOP's computers. *Id.* at 2. The Court cannot provide the Defendant with legal advice. *Carpenter v. Greiner*, No. 00-CV-2083, 2000 WL 1051876, at *2 (S.D.N.Y. July 31, 2000). And while "[a] document filed *pro se* is to be liberally construed," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted), Defendant has not alleged facts that give this Court cause to review either his detainer or his prohibition from the use of computers. Accordingly, Defendant's request is denied.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Motion for Recommendation for RRC Placement, ECF No. 41, and DENIES Defendant's letter request for the Court's advice regarding a detainer, ECF No. 42.

IT IS SO ORDERED.

Dated: August 31, 2020
      Rochester, New York

                                              HON. FRANK P. GERACI, JR.
                                                    Chief Judge
                                            United States District Court

4